Filed 2/17/26 P. v. Richardson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL JARED RICHARDSON, <br><br> Defendant and Appellant. | D085334 <br><br><br><br> (Super. Ct. No. SWF024690) |

APPEAL from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge.  Affirmed.

Marilee Marshall for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Jared Richardson appeals from a judgment entered after resentencing pursuant to Penal Code sections 1172.1 and 1172.75.[1] Richardson asserts the trial court abused its discretion by considering

---

1    Further unspecified statutory references are to the Penal Code.

aggravating factors not stipulated to or proved to a jury beyond a reasonable doubt. The People assert that Richardson forfeited his argument and, to the extent we consider the merits, that section 1172.75, subdivision (d)(4) allowed the trial court to reimpose the upper term without making any additional findings. We conclude Richardson forfeited the issue but also acknowledge the current split in authority as to the interpretation of the statute. We agree with the trial court's interpretation of section 1172.75, subdivision (d)(4). Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, a jury found Richardson guilty of robbery (§ 211–count 1); burglary (§ 459–count 2); and two counts of assault with a deadly weapon (§ 245, subd. (a)(1)–counts 3 and 4). The jury also found true allegations that Richardson acted in concert with others to commit count 1 and that a person other than an accomplice was present as to count 2.

In a bifurcated proceeding, the court found true the allegations that Richardson had two or more prior convictions under the three strikes law; two prior serious felony convictions within the meaning of section 667, subdivision (a); and two prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court sentenced Richardson to an aggregate term of 33 years, including 18 years on count 1, based on the upper term of 9 years, doubled because of a prior violent felony conviction, as well as enhancements based on sections 667 and 667.5. (See §§ 213, 667, subd. (e)(1), 667.5, subd. (c)(9).)

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) to add former section 1171.1, later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12), to the Penal Code. (Stats. 2021, ch. 728, §§ 1, 3.) Effective January 1, 2022, and subject to exceptions not relevant here, section

2

1172.75 declared sentence enhancements imposed under section 667.5, subdivision (b) to be legally invalid and provided a mechanism for resentencing affected individuals.  (§ 1172.75, subds. (a)–(c).)  This change applied to Richardson and entitled him to a full resentencing hearing.

In 2023, the trial court vacated Richardson's sentence under section 1172.75, struck the previously imposed 1-year enhancement under section 667.5, subdivision (b) as legally invalid and set the matter for a full resentencing hearing.  At the hearing, the trial court pointed counsel to section 1172.75, subdivision (d)(4) and asked if it allowed the court to reimpose the upper term on count 1 without needing to rely on a stipulation or jury findings as to the relevant aggravating factors.

Section 1172.75 provides, in relevant part:

> "(d)(1)  Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed [because] of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

> "[¶] . . . [¶]

> "(d)(4)  Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are *circumstances in aggravation* that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(1), (4) (italics added).)

Defense counsel initially argued that the court could not reimpose the upper term because the "laws in regards to alleging aggravating circumstances" had changed since the original sentence.  The trial court

3

responded, "Right. And the Legislature knew that when they wrote [section] 1172.75. That's why I think they said that if the prior court at the time imposed the upper term, then that's not off limits for me; whereas, if it wasn't imposed, the People would need to prove aggravating factors beyond a reasonable doubt at this proceeding for me to exceed midterm." The court asked if that interpretation "makes sense" and counsel for Richardson and the People each agreed.

The trial court noted that Richardson had no behavioral infractions since November of 2019, and that his efforts to reform himself had very apparently created "significant improvement and change in lifestyle . . . reflected in everything I heard today and read today." The court stated that despite Richardson's transformation, it was not its role to determine whether "Mr. Richardson should be granted clemency, a pardon, and released today from prison," but rather to resentence Richardson "taking into account all the facts and circumstances related to the offense at the time it took place, but also what happened since," including any relevant changes to the law. It further stated it could not "ignore all other factors in aggravation that led the original judge to impose [the] upper term," and that, "It's all laid out in the probation report as to the multiple factors that would aggravate, at least as far as Count 1 goes."

The trial court exercised its discretion to strike each of two 5-year prior serious felony enhancements under section 667, subdivision (a), thereby reducing Richardson's aggregate sentence to 22 years, but declined to reduce his sentence on count 1, leaving the original 18 year sentence in place.

Richardson filed a timely notice of appeal.

**DISCUSSION**

Richardson now asserts that the trial court erred in reimposing the upper term sentence on count 1 since there was neither a stipulation nor findings by the jury as to the aggravating circumstances. He concedes that, at his initial sentencing hearing, the trial court "found [that] one or more of the factors in aggravation were present," but argues that this finding was based on a lesser preponderance of the evidence standard instead of the reasonable doubt standard now recited by section 1172.75, subdivision (d)(4). The People assert that Richardson forfeited this argument and, in the alternative, urge this court to follow the line of cases interpreting section 1172.75, subdivision (d)(4) in a manner consistent with the trial court's interpretation in this case.

**A.      *The People's Claim of Forfeiture***

As an initial matter, we agree with the People that Richardson has forfeited the argument on appeal. As Richardson acknowledges, "Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court." (*People v. French* (2008) 43 Cal.4th 36, 46.) "The reason for this rule is that '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*Ibid.*; see also *People v. Scott* (1994) 9 Cal.4th 331, 352 [discussing waiver of sentencing issues]; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464–465 (*Brannon-Thompson*) [discussing forfeiture in context of 1170].)

Richardson nevertheless contends that an objection was not necessary because the trial court "did not obtain a valid waiver" of his right to a jury trial as to the enhancing aggravating circumstances. Resolution of that claim would necessarily depend on the interpretation of section 1172.75,

5

subdivision (d)(4), and, specifically, whether it does in fact require findings based on a stipulation or by a jury when reimposing the upper term. As we explain next, even if we were to address the merits of Richardson's argument, we agree with the line of cases concluding that 1172.75, subdivision (d)(4) creates an exception to the need for a stipulation or findings by a jury.

**B.     *Resentencing Under Section 1172.75***

Effective January 1, 2022, new section 1172.75 declares that certain one-year sentence enhancements that were imposed prior to January 1, 2020 pursuant to former section 667.5, subdivision (b) are legally invalid, and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).)

Pursuant to section 1172.75, subdivision (b), the Secretary of the Department of Corrections and Rehabilitation and the administrators for each county jail "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and provide certain information about those individuals to the sentencing court. Upon receiving this information, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d) specifies that the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).) In addition, the resentencing court shall consider

6

"any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).) Courts may consider "postconviction factors" such as the defendant's record of discipline and/or rehabilitation while incarcerated, evidence that age, time served, and/or diminished physical condition have reduced the defendant's risk for future violence, and evidence that circumstances have changed such that continued incarceration is no longer in the interest of justice. (*Id*., subd. (d)(3).)

Also effective January 1, 2022, the Legislature amended section 1170, subdivision (b) to make the middle term the presumptive determinate sentence. (*People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).) Under the amended statute, courts may not impose an upper term sentence unless aggravating circumstances justify that term and any facts underlying the circumstance, "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); *Lynch*, at p. 742.) However, courts "may consider the defendant's prior convictions . . . based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Current section 1172.75, subdivision (d)(4) addresses situations in which the prior sentencing court imposed the upper term and provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term . . . ." (Italics added.).

C. ***The Trial Court Did Not Abuse Its Discretion***

Here, the trial court set forth its understanding of section 1172.75, subdivision (d)(4), stating "if the prior court at the time imposed the upper term, then that's not off limits for me; whereas, if it wasn't imposed, the People would need to prove aggravating factors beyond a reasonable doubt at

this proceeding for me to exceed midterm." As the parties note, there is a split in authority as to the correct interpretation.

In *Brannon-Thompson*, the court determined, based on the plain meaning of the italicized phrase, that "it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply *only* if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson, supra,* 104 Cal.App.5th at pp. 466–467, italics added.)

A few months later, a different court reached the opposite conclusion in *People v. Ulysses Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*). The court acknowledged that the plain language of section 1172.75, subdivision (d)(4) could be read as it was in *Brannon-Thompson* but concluded that it could also be read to "simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Gonzalez,* at p. 329.) Under this alternate interpretation, "a defendant [who previously received the upper term] would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Ibid.*)

The court went on to reject the reading of the court in *Brannon-Thompson* based primarily on perceived constitutional issues. The court explained the *Brannon-Thompson* interpretation "would potentially result in the statute impermissibly exempting defendants who previously received upper term sentences from the rule that eligibility for any upper term

8

sentence depends on 'facts that have been established consistently with Sixth Amendment principles.' " (*Gonzalez, supra,* 107 Cal.App.5th at p. 329.)

The *Gonzalez* court noted that in *Lynch, supra,* 16 Cal.5th 730, the California Supreme Court held that " 'a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established.' " (*Gonzalez, supra,* 107 Cal.App.5th at pp. 326–327, citing *Lynch,* at p. 768.) Accordingly, the *Gonzalez* court concluded that "reading an exemption into section 1172.75, subdivision (d)(4), in the manner suggested by [*Brannon-Thompson*], and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in *Lynch.*" (*Gonzalez,* at p. 330.) To avoid that issue, the court adopted the defendant's proposed interpretation of the opening clause of section 1172.75, subdivision (d)(4) as "simply *restrict*[*ing*] *the scope of defendants eligible to receive the upper term.*" (*Gonzalez,* at p. 330.)

The California Supreme Court has since granted review in another case to decide whether section 1172.75, subdivision (d)(4) creates an exception to section 1172.75, subdivision (b)(2)'s heightened factfinding requirement. (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903).)

Until we receive further guidance from our high court on this issue, we decline to follow *Gonzalez* and instead agree with interpretation of section 1172.75, subdivision (d)(4) set forth in *Brannon-Thompson.* In our view, the *Brannon-Thompson* court's reading of section 1172.75, subdivision (d)(4) does not conflict with the Sixth Amendment or *Lynch. Lynch* was decided in the

9

context of retroactively applying the amendments to section 1170, which restrict the trial court's ability to impose an upper term (i.e., a greater term) to sentences that were not yet final, in the absence of certain factual findings. (*Lynch*, *supra*, 16 Cal.5th at p. 748.) In that context, the court found, based in part on its prior holding in *Apprendi v. New Jersey* (2000) 530 U.S. 466, that it would be a Sixth Amendment violation for the court to rely on facts underlying aggravating factors that were not stipulated to or found true beyond a reasonable doubt. (*Lynch,* at pp. 748–749.)

However, it is worth noting, as the court did in *Lynch*, that the prior statute permitted imposition of an upper term *without* requiring reliance on specific factual findings, or aggravating circumstances based on such factual findings, and did not violate the Sixth Amendment. (See *Lynch*, *supra*, 16 Cal.5th at p. 747 [between 2007 and 2022, the choice between the lower, upper, and middle term fell within the sound discretion of the trial court]; *Cunningham v. California* (2007) 549 U.S. 270, 293–294 [states must choose between sound discretion and sentencing guidelines that require factual findings by stipulation or jury].)

Section 1172.75 does not raise the same Sixth Amendment concerns for two reasons. First, it only permits trial courts to *reduce*, as opposed to increase, criminal sentences that were originally lawfully imposed. (See *Erlinger v. U.S.* (2024) 602 U.S. 821, 835, fn. 1 ["Nor, of course, does *Apprendi* prohibit legislatures from enacting reforms authorizing judges to *lower* sentences based on their own factfinding."]; *People v. Perez* (2018) 4 Cal.5th 1055, 1064 [the Sixth Amendment "does not prohibit trial courts from relying on facts not found by a jury" where "a factual finding that results in resentencing ineligibility does not increase the petitioner's sentence; it simply leaves the original sentence intact"].) Second, as noted, section 1172.75,

subdivision (d)(4) creates a statutory exception to the factfinding requirements of section 1170, subdivision (b). "[W]hat the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires," and in this context, the statute does not require the trial court to make any factual findings implicating the Sixth Amendment. (*Lynch, supra,* 16 Cal.5th at p. 756.)

Under the interpretation of section 1172.75, subdivision (d)(4) set forth in *Brannon-Thompson*, the trial court was permitted to reimpose the upper term (or decline to reduce it) without relying on factual findings that were either stipulated to or proven beyond a reasonable doubt. For these reasons, we find no abuse of discretion in the trial court's decision not to reduce the upper term on count 1.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

11